892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Perry CARTER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 88-2959.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 9, 1989.
Decided: Dec. 5, 1989.
Rehearing Denied Jan. 4, 1990.
 
 Timothy Edward Mering (Robert R. Jenkins, Paul R. Schlitz, Jr., Jenkins & Block, P.A., on brief), for appellant.
 Moira Beth Rosenberger, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Counsel, Department of Health & Human Services; Breckinridge L. Willcox, United States Attorney; Larry D. Adams, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and JAMES C. TURK, Chief District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Perry Carter appeals from the judgment of the district court granting the appellee's motion for summary judgment. We affirm.
 
 
 2
 The appellant contends that the district court erred in finding that he has residual functional capacity, that alternate jobs exist, that it relied on the wrong medical opinion, and that applicable grid rules were not followed.
 
 
 3
 Our review is limited to a determination of whether the Secretary's final decision, based on the record as a whole, finding appellant not entitled to the benefits he seeks, is supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1383(c)(3).
 
 
 4
 Perry Carter was born March 28, 1936, and has a fifth-grade education. He has worked as a truck driver all of his life, which requires heavy lifting. He alleges disability because of lumbar disc disease, pancreatitis, hypertension, and diabetes mellitus.
 
 
 5
 Carter injured his back October 20, 1985, on his job, which resulted finally in a lumbar laminectomy in January 1986. He says he continues to suffer pain, is able to stand only for short periods of time, uses a cane, and can lift only ten pounds. It is conceded that he is unable to return to his former work, but the Secretary found that he was not disabled within the meaning of the Social Security Act. This decision became the final decision when the Appeals Council denied plaintiff's request for review. Review was sought in the United States District Court. Cross-motions of the parties for summary judgment were filed, and the district court granted the motion for summary judgment in favor of the Secretary.
 
 
 6
 On review of the record as a whole, we hold that the Secretary's findings, after reviewing Carter's alleged impairments and testimony of pain, and the testimony of the vocational expert in response to a hypothetical question based on the findings of the Secretary, substantially supported such findings as well as the finding that there are jobs which Carter can perform despite his limitations. The claimant is accordingly not disabled within the provisions of the Social Security Act.
 
 
 7
 AFFIRMED.